Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
wjohnston@birdmarella.com
Michael C. Landman - State Bar No. 343327
mlandman@birdmarella.com
Devon E. Porter - State Bar No. 308365
dporter@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GRIGOR TERMENDJIAN,

Defendant.

CASE NO. 2:23-CR-00453-JLS

**DEFENDANT GRIGOR TERMENDJIAN'S OPPOSITION TO PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR WRIT OF ENTRY**

Date: January 8, 2026
Time: 10:00 A.M.
Crtrm.: 8A

Assigned to Hon. Josephine L. Staton

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Four years after serving counsel for Grigor Termendjian with a restraining order restricting his transfer of certain industrial equipment, but four months before Mr. Termendjian's trial, the government has filed a Motion for Writ of Entry into a private residence and two business premises that it believes contain the enjoined equipment (Dkt. 136). The ostensible purpose of this Writ is to permit the government "to inspect, photograph, inventory, and appraise" the properties. (*Id.* at 1.)

In its Motion, the government does not explain why this Writ is now necessary or what new circumstances have arisen that require entry after nearly four years since the restraining order was entered, nor does it claim it has reason to believe that Mr. Termendjian violated the restraining order. The timing of this Motion, along with the timing of its initial request, suggests the government is seeking evidence for trial and improperly using forfeiture procedures for criminal discovery. Indeed, the government made its first request for access in May 2025, five months before the prior trial date (October 2025), and then waited until November 2025 to renew its request, at which point the new trial date was four months away (March 2026). Given the absence of any compelling governmental interests, the requested Writ is an unreasonable intrusion on privacy interests protected by the Fourth Amendment and should be denied.

In the alternative, if the Court is inclined to grant the government's Motion, the Writ should require the government to provide at least 72 hours advance notice; restrict entry to a single day; permit an agent, relative, or employee of Mr. Termendjian to observe the government agents during the entries; and prohibit any photographs or observations made during the entries from being introduced at Mr. Termendjian's trial. The government's proposed order is overbroad and allows virtually unending access to the various locations.

## II. Background

### A. The Subject Properties and the Restraining Order

The government is currently trying to forfeit properties belonging to Mr. Termendjian or business entities that he controls in two separate proceedings, the Utah criminal case against the Kingstons and Lev Dermen, *United States v. Jacob Kingston et al.*, No. 2:18-cr-00365-JNP (hereinafter, "Kingston Dkt."), and the current one. The three properties at issue in the government's Motion are 14901 Holt St, Mojave, California (owned by Century Energy, Inc. and Desert Properties Holding LLC[1]); 16572 Somerset Ln, Huntington Beach, California (owned by Gilbert Island Property LLC); and 9153 Stellar Court (owned by Stellar Court LLC). Mr. Termendjian and his family use the Somerset Ln property as a weekend/vacation home. Declaration of Asthik Martirosyan ("Martirosyan Decl.") ¶ 4.

On September 15, 2021, the government obtained a restraining order from the Utah court enjoining Mr. Termendjian from alienating or transferring certain industrial equipment that had been purchased by Century Energy, a company Mr. Termendjian owns, for use in an LNG plant. (*Id.*, Dkt. 1295.)

After the government obtained a preliminary order of forfeiture in the Kingston case (*id.*, Dkt. 1397), Mr. Termendjian submitted a verified petition asserting his ownership interest, either directly or indirectly through companies he controls, in 14901 Holt St, 9153 Stellar Ct, and 16572 Somerset Ln, (*id.*, Dkt. 1431).[2]

[1] Desert Properties owns the land, while Century Energy owns the LNG plant on the property.

[2] The Holt property was identified by the adjoining parcel numbers that comprise the property. (Kingston Dkt. 1431 at 15.)

On July 12, 2023, the Utah court granted Mr. Termendjian's unopposed motion to stay the forfeiture proceedings as they pertained to Mr. Termendjian while he defends himself in this criminal case. (*Id.*, Dkt. 1571.)

**B. The government requests access to some of the subject properties five months before trial.**

On May 7, 2025, the government sent defense counsel a letter seeking access to inspect properties at 14675 Hold Street, Mojave, California,[3] and 9153 Stellar Court, Corona, California. Declaration of William E. Johnston in Support of Opposition to Motion for Writ of Entry ("Johnston Decl."), Ex. A. At the time, the trial date was October 7, 2025, five months away. (Dkt. 78.) On behalf of Mr. Termendjian, defense counsel declined to permit the government to inspect the properties, citing the fact that the government had already placed *lis pendens* on the properties and there was no suggestion that Mr. Termendjian had taken any steps to sell either the properties or the enjoined industrial equipment. Johnston Decl., Ex. B.

On August 7, 2025, upon the parties' stipulation, the Court continued the trial date from October 7, 2025, to March 3, 2026. (Dkt. 94.)

**C. The government renews it request for access four months before the new trial date.**

The government took no action on its request for access following its May 2025 letter until the new trial date approached. On November 14, 2025, approximately four months before trial, the government renewed its request for access to the properties, this time adding the Somerset Ln residence to the request. (Dkt. 136-3.)

In the government's Motion it wrote, "counsel for Defendant recently informed the government that his Century Energy liquid natural gas plant in California was scheduled to open in 2025, which raises questions about the use of

[3] The government has changed its request to 14901 Holt St, Mojave, California, explaining that it previously included the wrong address in its request. (Dkt. 136 at 6 n.1.)

the equipment and status of the properties and assets subject to forfeiture." (Dkt. 136 at 5.) In fact, it was several months earlier – on July 2, 2025 – in his Motion for Pretrial Determination of Admissibility of Co-Conspirator Statements (Dkt. 81), that Mr. Termendjian wrote that he had "proceeded with development of the LNG plant on his own, which is currently nearing completion." (*Id.* at 5).

In any event, the LNG plant is not yet operational. Declaration of Gagik Oganesyan ("Oganesyan Decl.") ¶ 5.

## III. Argument

### A. To satisfy the Fourth Amendment, the government must show by probable cause that the requested Writ of Entry is necessary to preserve the properties subject to forfeiture.

Forcible entry by the government into private homes and places of business implicates the Fourth Amendment. *Florida v. Jardines*, 569 U.S. 1, 6 (2013); *See v. City of Seattle*, 387 U.S. 541, 543 (1967). It is irrelevant whether the purpose of the entry is the collection of evidence of a crime or to inspect or appraise property for later forfeiture. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 69 (1992). ("[T]he right against unreasonable seizures would be no less transgressed if the seizure of the house was undertaken to collect evidence, verify compliance with a housing regulation, effect an eviction by the police, or on a whim, for no reason at all."). "[T]he ultimate touchstone of the Fourth Amendment is reasonableness." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (citation omitted). "[W]hether a particular search meets the reasonableness standard is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652–53 (1995); *see also Samson v. California*, 547 U.S. 843, 848 (2006) ("Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." (internal citation marks omitted)).

When the government seeks to enter a private residence, the Fourth Amendment is at its apogee. *See Jardines*, 569 U.S. at 6 ("[W]hen it comes to the Fourth Amendment, the home is first among equals."); *Michigan v. Clifford*, 464 U.S. 287, 296 (1984) ("We frequently have noted that privacy interests are especially strong in a private residence."). "The businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property." *See*, 387 U.S. at 543. On the other hand, the government's interests in preserving property subject to forfeiture are of lesser constitutional importance. *See Luis v. United States*, 578 U.S. 5, 19 (2016) ("Nor do the [government's] interests in obtaining payment of a criminal forfeiture or restitution order enjoy constitutional protection.").

While 21 U.S.C. § 853(e)(1) empowers this Court to "take any other action to preserve the availability of property" subject to forfeiture, such action must still meet constitutional minimums. The Ninth Circuit has already read extra requirements into 21 U.S.C. § 853(e)(1) to satisfy the Fifth Amendment right to due process – to ensure that parties can contest restraining orders in a hearing, even though the statute did not provide for such a hearing. *See United States v. Roth*, 912 F.2d 1131, 1133 (9th Cir. 1990) ("The law of our circuit therefore remains that in order for a restraining order under [21 U.S.C.] § 853 to be constitutional, the district court must hold a hearing under Rule 65 to determine whether probable cause exists to issue an injunction.").

To demonstrate that a writ of entry into a residence or business is reasonable under the Fourth Amendment, the government must show by probable cause that the property is subject to forfeiture and the writ of entry is necessary to preserve the property for forfeiture. *See United States v. Real Prop. Located at 11211 E. Arabian Park Drive, Scottsdale, AZ*, 379 F. Supp. 2d 1058, 1065 (D. Ariz. 2005) ("[A] pre-judgment *ex parte* writ of entry by government officers to inspect and inventory a home is a search warrant by another name. It would have to pass Fourth

Amendment muster in addition to the statutory or other requirements for an *ex parte* writ of entry."); *Matter of Brickner*, 453 F. Supp. 91, 94 (E.D. Wis. 1978) (applying probable cause standard for issuance of writ of entry).

The forfeiture statute already recognizes that the more invasive the access, the higher the showing required of the government. For example, to obtain a seizure warrant under the same statute, 21 U.S.C. § 853, the government must demonstrate by probable cause that a restraining order "under subsection (e) may not be sufficient to assure the availability of the property for forfeiture." 21 U.S.C. § 853(f); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62, 114 S. Ct. 492, 505, 126 L. Ed. 2d 490 (1993) ("We note . . that the federal drug laws now permit seizure before entry of a criminal forfeiture judgment *only where* the Government persuades a district court that there is probable cause to believe that a protective order 'may not be sufficient to assure the availability of the property for forfeiture.'" (citing 21 U.S.C. § 853(f)) (emphasis added)). A writ of entry requires a similarly elevated showing.

If the government cannot show by probable cause that a writ of entry into a residence or business is necessary for the purpose of preserving the property, then it would be unreasonable under the Fourth Amendment for the writ to issue. *See United States v. Monsanto*, 491 U.S. 600, 613 (1989) ("Whatever discretion Congress gave the district courts in §§ 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: to preserve the availability of property for forfeiture." (cleaned up)).

**B. The government has not established by probable cause that the requested writ of entry is necessary, so granting it would violate the Fourth Amendment.**

The government is seeking a court order for entry into two business premises (14901 Holt and 9153 Stellar Ct) and one residence (16572 Somerset Lane). The government has not established probable cause that the requested entries are necessary to preserve the properties for eventual forfeiture. The forfeiture

proceedings in the Utah case are stayed pending completion of the criminal case. The real properties in question have been subject to *lis pendens* for years (*see* Johnston Decl., Ex. B), which encumber their transfer. *Cf. United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1265 (2d Cir. 1989) ("Any exigency that might be posed by the threat of an encumbrance on, or transfer of, the property may be met by less restrictive means than seizure, for example, by the filing of a lis pendens, as was done in this case, along with a restraining order or bond requirement."). And the government has set forth no facts indicating that any of the subject properties or the industrial equipment is in danger of deterioration or diminishment in value.

At best, the government's request is driven by mere curiosity; at worst, it is a backdoor for criminal discovery. In its Motion, the government merely states, "Assessing the current condition of the property will allow the United States to determine if it needs to seek any additional relief from the Court to preserve the property for forfeiture pending a final resolution in the criminal case concerning the defendant's." (Dkt. 136 at 10.) In other words, the government insists it must invade protected Fourth Amendment rights because it wants to learn more information. That is not sufficient reason to trample on Mr. Termendjian's privacy interests or those of the business entities that own 14901 Holt Street (Century Energy and Desert Properties Holding) and 9153 Stellar Court (Stellar Court LLC).

The industrial equipment at issue is already subject to a restraining order, and Mr. Termendjian has no intention of transferring the equipment or diminishing its value. The government has not shown that Mr. Termendjian has ignored or violated the restraining order. Nor has it introduced any evidence suggesting that integration or installation of industrial equipment into an LNG plant would result in its diminution of value. In any event, the LNG plant is not operational, so any concerns about wear and tear on the equipment are moot. Oganesyan Decl. ¶ 5.

Even more glaring, the government has put forth no facts justifying entry into the Somerset Lane residence other than by saying "[t]he current condition of this property and whether it is occupied or not is unknown to the government." (Dkt. 136 at 11.) Mr. Termendjian can clear up any ambiguity: the home is used by him and his family, and he objects to the government's entry into the home merely to satisfy its curiosity. *See* Martirosyan Decl. ¶ 4.

**C. In the alternative, any Writ for Entry should be issued with important restrictions on its use.**

If this Court nonetheless believes that the government has established probable cause that a Writ of Entry is necessary, it should reject the government's unbounded proposed order. Rather, any entry should be subject to the following limitations:

(1) Agents for government should have to give defense counsel 72 hours notice before they enter any property.

(2) Entry should be permitted on one day only.

(3) Employees, agents, business partner, or relatives of Mr. Termendjian should be permitted to observe government agents during their entry into the subject properties.

(4) The government should be prohibited from admitting into evidence at trial any photographs or observations made by government agents during the entries, or any testimony about the properties based on the entries made pursuant to the order.

These limitations are necessary to protect the privacy interests at stake here, as well as prevent the government from circumventing the warrant requirement for searches in criminal investigations. *See United States v. Grey*, 959 F.3d 1166, 1181 (9th Cir. 2020) ("Where a private residence is involved, the Supreme Court has repeatedly emphasized the importance of keeping criminal investigatory motives from coloring administrative searches and seizures.").

## IV. Conclusion

For the foregoing reasons, Mr. Termendjian respectfully requests that the Corut deny the government's Motion for a Writ of Entry. In the alternative, Mr. Termendjian requests that the additional, reasonable restrictions set forth in this Opposition be placed on the Writ.

DATED: December 18, 2025

Ariel A. Neuman
William E. Johnston
Michael C. Landman
Devon E. Porter
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Grigor Termendjian, certifies that this brief contains 5,516 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated ____________.

DATED: December 18, 2025

*/s/ Ariel A. Neuman*
Ariel A. Neuman