Ariel A. Neuman - State Bar No. 241594
    aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
    wjohnston@birdmarella.com
Michael C. Landman - State Bar No. 343327
    mlandman@birdmarella.com
Devon E. Porter - State Bar No. 308365
    dporter@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GRIGOR TERMENDJIAN, <br><br> Defendant. | CASE NO. 2:23-CR-00453-JLS <br><br> **STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES** <br><br> **Current Trial Date:   March 3, 2026** <br> **Proposed Trial Date: October 13, 2026** <br><br> Filed Concurrently with [PROPOSED] ORDER <br><br> Hearing not requested. <br><br> Assigned to Hon. Josephine L. Staton |

# **STIPULATION**

Defendant Grigor Termendjian and Plaintiff United States of America, by and through their respective counsel of record, hereby stipulate as follows:

1.      Mr. Termendjian is charged with a violation of 18 U.S.C. § 371: Conspiracy to Defraud the United States; 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering Offenses; and 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering. The trial in this matter is currently set for March 3, 2026. Based on the facts set forth herein, the parties agree and stipulate that a continuance of the trial is needed and appropriate.

2.      The parties have worked diligently to prepare this matter for trial. However, the government recently received new records relevant to the trial and expects to receive more. These records are being produced by financial institutions in Turkey in response to an MLAT request made many months ago by the government and concern some of the financial transactions at issue in this case. The government has informed defense counsel that additional records are forthcoming, but it has no firm information as to when those records will be received. All records received in response to the MLAT must be translated into English, a process which takes the government several weeks. Accordingly, while the parties hope that documents responsive to the MLAT will be produced soon, they have no firm information as to when such production will occur and then further delay will be necessary to translate the material received.

3.      In addition, the government recently produced voluminous "attorneys eyes only" discovery, including previously undisclosed witness statements from anticipated trial witnesses and material that appears to the defense to be both *Brady* and *Giglio* information. Defense counsel need additional time to investigate the new information contained in the statements and other documents. Some of the documents produced are in a foreign language and will require translation, which will take additional time.

4110883.1

2

STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES

4.      Defense counsel represents that they have been diligently investigating this case and preparing for a March 2026 trial, but additional investigation is needed, and neither the government nor the defense are yet in possession of all of the anticipated Turkish bank records that will be produced.

5.      This case was originally indicted in the District of Utah before being transferred to this Court. Both the Court in Utah and this Court have found all time between the date of indictment and the current trial date excludable pursuant to the Speedy Trial Act.

6.      By this stipulation, the parties now respectfully request that the Court (1) continue the trial date in this matter to October 13, 2026; (2) amend the pre-trial schedule ordered by the Court (Dkt. 64) in light of the new trial date; and (3) exclude time under the Speedy Trial Act from March 3, 2026, to October 13, 2026.

7.      The parties make the request based upon the facts set forth above, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

8.      Defense counsel represents that failure to grant the continuance would deny Mr. Termendjian reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.      Due to the nature of the charges in the Indictment, the voluminous discovery produced to Mr. Termendjian, the additional discovery that has recently been produced and that is forthcoming, and the additional documents being produced to the government by foreign jurisdictions (some of which have not yet been received), this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

10.     Mr. Termendjian has been advised by counsel of this request. Counsel carefully discussed every part of this stipulation and the continuance of the trial date. Mr. Termendjian has been fully informed of his Speedy Trial rights, and he

4110883.1

3

knowingly and voluntarily agrees to the continuance of the trial date. He also waives his right to be brought to trial earlier than October 13, 2026.

11.     Mr. Termendjian believes that failure to grant the continuance would deny him continuity of counsel and adequate representation.

12.     The government does not object to the continuance of the trial date or amendment of the pretrial schedule.

13.     The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the government to obtain available witnesses.

14.     Defense counsel represent that it is not possible to commence trial prior to October 13, 2025 for a variety of reasons, including counsel's schedules as set forth below:[1]

    a.     A civil trial in the matter of *Kim v. Kim* (Los Angeles County Superior Court, Case No. 30-2021-01183125-CU-BC-NJC) that is scheduled to commence on April 27, 2026 and is anticipated to last 3-4 weeks.

    b.     A civil trial in the matter of *Randhawa v. Singh* (San Bernardino County Superior Court, Case No. CIVR82400862) that is scheduled to commence on August 31, 2026, and that is anticipated to last 2 weeks.

15.     In addition, one of the defense lawyers in this matter expects to be on parental leave from mid-June through July for the birth of a child.

16.     Counsel (and potential jurors) will be also observing the Jewish holidays of Rosh Hashana (September 11 through 13), Yom Kippur (September 21), and Sukkot (September 25).

17.     For purposes of computing the date under the Speedy Trial Act by which March 3, 2026, to October 13, 2026, inclusive, should be excluded pursuant

---

[1]   Mr. Termendjian will be represented at trial by Ariel A. Neuman, William E. Johnston, and Devon E. Porter. Michael C. Landman may join the trial team, but his conflicts are not listed here because his participation is uncertain.

to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Mr. Termendjian's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18.     Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

19.     Lead counsel for Mr. Termendjian, Ariel Neuman, has a family/religious event on October 24 that will require slight changes to the Court's normal trial schedule of the trial if this matter is moved as requested.  Specifically, defense counsel requests, and the government does not object, that trial not be held on October 22, 23, and 26, 2026 and that Mr. Neuman be excused from any proceedings on those days.  As the trial progresses, it may be that the Court and other counsel are able to use some of those days to address jury instructions, verdict forms, etc.  In addition, the parties are amenable to adding a trial day on October 30, 2026 if necessary and if the Court agrees.

20.     Counsel also request that the Court amend the pretrial schedule set in Dkt. 64 in conformity with the new trial date requested. The parties stipulate to the

4110883.1

5

following amended deadlines:

| | Deadline | Days Before Trial |
|---|---|---|
| 404(b) Evidence Disclosure | August 17, 2026 | 57 |
| Brady / Giglio Deadline[2] | August 17, 2026 | 57 |
| Pretrial Motions (other than Motions in Limine and motions re experts)[3] | Filed August 21, 2026<br><br>Oppositions August 28, 2026<br><br>Reply September 4, 2026 | 53 |
| Gov Exhibit List | September 4, 2026 | 39 |
| Defense Expert Disclosures | September 8, 2026 | 35 |
| Gov. Witness List (other than those withheld pursuant to AEO Protective Order, but gov to disclose total expected number of witnesses) | September 8, 2026 | 35 |
| Gov't Charts and Summaries[4] | September 8, 2026 | 35 |
| Motions in Limine and motions re experts | Filed September 14, 2026<br><br>Oppositions September 21, 2026<br><br>Reply September 28, 2026 | 29 |
| AEO Disclosure and Jencks deadline | September 15, 2026 | 28 |

[2]   Deadline by which the government will produce all *Brady* and/or *Giglio* material other than that which it is permitted to disclose later in time by Court order or applicable law.

[3]   Such motions may be filed earlier.

[4]   The government may, in good faith, provide finalized summaries/charts closer in time to trial based on the presentation of evidence at trial. The parties may not to seek to admit the draft charts and summaries into evidence.

4110883.1

6

STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES

|  | Deadline | Days Before Trial |
|---|---|---|
| Government to provide defense with marked exhibits and revised exhibit list | September 15, 2026 | 28 |
| **Pretrial Motions Hearing** | September 18, 2026 | 25 |
| Pre-Trial Exhibit Stipulation | September 21, 2026 | 22 |
| Summary of Indictment | September 29, 2026 | 14 |
| **Motions in Limine Hearing / Final Pretrial Conference** | **October 2, 2026** | 11 |
| Joint Jury Verdict Form | October 6, 2026 | 7 |
| Joint Jury Instructions | October 6, 2026 | 7 |
| Proposed Voir Dire | October 6, 2026 | 7 |
| Gov. Exhibit Binders | October 13, 2026 | |
| **Trial Date** | **October 13, 2026** | |

IT IS SO STIPULTED.

Respectfully submitted,

DATED:  January 14, 2026          Ariel A. Neuman
William E. Johnston
Michael C. Landman
Devon E. Porter
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By:  _____/s/ Ariel A. Neuman_____
Ariel A. Neuman
Attorneys for Defendant Grigor
Termendjian

4110883.1

7

STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES

DATED: January 14, 2026          TODD BLANCHE
                                 Deputy Attorney General
                                 BILAL A. ESSAYLI
                                 First Assistant United States Attorney


                                 By:      /s/ Richard M. Rolwing
                                       Richard M. Rolwing
                                       Julia M. Rugg
                                       Parker Tobin
                                       Trial Attorneys
                                       Attorneys for Applicant
                                       United States of America

STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES

**ATTORNEY ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed above, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 14, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By: _____/s/ Ariel A. Neuman_____
　　　　　　Ariel A. Neuman
　　　Attorneys for Defendant Grigor
　　　Termendjian

4110883.1

9

STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES