**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>GRIGOR TERMENDJIAN,<br><br>    Defendant. | Case No. 2:23-CR-00453-JLS<br><br><br>**ORDER GRANTING IN PART THE GOVERNMENT'S MOTION FOR WRIT OF ENTRY** |

The Government filed a Motion for Writ of Entry for the purpose of inspecting assets preliminarily identified as subject to forfeiture in this case. (*See* Doc. 136.) Defendant has filed an Opposition. (Doc. 148.) In the limited manner set forth herein, the Court GRANTS the Government's Motion.

## I.    BACKGROUND

Defendant is charged in this case with conspiracy to commit money laundering offenses in violation of 18 U.S.C. § 1956(h) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (*See* Superseding Indictment, Doc. 85.) Multiple real properties and valuable industrial equipment have been identified by the Government as subject to forfeiture if Defendant is convicted. (*See id.*, Doc. 85 at 22; *see also* First and Second Bills of Particulars, Docs. 131-132.)

The Proposed Writ of Entry filed by the Government seeks the following Order:

IT IS FURTHER ORDERED that the U.S. Department of Treasury, the Internal Revenue Service, or other applicable agency of the United States government, its agents, employees, and contractors, and such other federal state or local law enforcement officers as may be required to enter upon the real property and premises located at the Subject Properties are authorized to enter the Subject Properties on one or more occasions during business hours, including into the interior of any structures:

1. for the purpose of conducting an inspection, inventory, and appraisal of the Subject Properties' exterior and interior, to include documenting and assessing the condition of the property through still and video photography;

2. to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Subject Properties;

3. to be accompanied on any such occasion by any government or contract personnel necessary to accomplishing the writ of entry's purposes; and

4. to be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the writ of entry.

(*See* Prop'd Order, Doc. 136-5 at 2-3.)

The "Subject Properties" are precisely defined in Addendum A to the Government's Motion. (*See* Mot., Doc. 136 at 14-15.) These properties have been the subject of forfeiture proceedings in a related case in another district.[1] Broadly stated, two categories

---

[1] The related case is captioned *United States v. Jacob O. Kingston, et al.*, No. 2:18-cr-00365-JNP (D. Utah). The District of Utah docket entries in that case are cited herein as "Utah Doc." In *Kingston*, some of the property at issue in the present Motion have been preliminarily ordered to be subject to forfeiture. (*See* Prelim. Order of Forfeiture, Utah Doc. 1397.) However, because Defendant claims an ownership interest in much of the property subject to the forfeiture order, the

of property are at issue: real property and industrial equipment.  The first category consists of real property that, according to the Government, would be found to be "substitute assets" subject to forfeiture in the event that Defendant is convicted.  The second category consists of seven specified types of industrial equipment.  As to all the equipment specified, Defendant either (1) claims an ownership interest or (2) is subject to a restraining order requiring him generally to preserve the equipment's value.[2]  (*See* Restraining Order, Utah Doc. 1291 at 6; Def. Pet. to Amend Prelim. Order of Forfeiture, Utah Doc. 1431 at 8 & 17.)

In his Opposition, Defendant argues that the Government has failed to make the required showing to obtain a writ of entry.  (Opp., Doc. 148 at 5-11.)  Alternatively, Defendant argues that, in the event the Court issues a writ of entry, it should impose certain limitations: prior notice should be given to defense counsel; the Government's access is limited to one day only; representative(s) of Defendant should be permitted to accompany those inspecting the properties; and the Court should exclude from evidence at trial any photographs or observations that result from the execution of any writ of entry.  (*Id.* at 9.)

## II.    LEGAL STANDARD

Subsection (a)(1) of 18 U.S.C. § 982 provides for forfeiture of certain property of a defendant after a conviction for money laundering in violation of 18 U.S.C. § 1956.  *See* 18 U.S.C. § 982(a)(1) (identifying such property as "any property, real or personal, involved in such offense, or any property traceable to such property").  Subsection (b)(1) of the same statute makes applicable to such forfeitures the procedure set forth at 21 U.S.C. § 853 (relating to forfeitures in controlled substance offense cases).  *See* 18 U.S.C. § 982(b)(1). The procedure includes a provision authorizing the Government to seek a "protective order" in certain instances:

---

court stayed forfeiture proceedings pending the outcome of the present case.  (*See* Def. Pet. to Amend Prelim. Order of Forfeiture, Utah Doc. 1431 (claiming an interest); Order Granting Motion to Stay, Utah Doc. 1571.)

[2] At the hearing, defense counsel represented that the industrial equipment is located at the address on Holt Street in Mojave, California, the site of Defendant's liquid natural gas plant.

**(e) Protective orders**

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—
(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture . . . .

21 U.S.C. § 853(e)(1)(A).

## III.    RULING

The Government has made a sufficient showing as to the equipment at issue and the real property at which it is located.  Although the declaration offered by the defense states that the Defendant's liquid natural gas plant is not operational and is still under construction, this does not mean that the value of industrial equipment has not been affected by the construction or otherwise.  Therefore, the Court grants the Motion as to the industrial equipment.  For that reason, the Court limits the scope of the Writ of Entry to the site of the liquid natural gas plant, located at 14901 Holt Street, Mojave, California 95301.  Additional conditions are as set forth in the separately entered Writ of Entry.

## IV.    CONCLUSION

As set forth herein, the Motion for Writ of Entry is GRANTED IN PART.  The remainder of the Government's Motion is DENIED WITHOUT PREJUDICE.  A separate Writ of Entry will issue.

**IT IS SO ORDERED.**

DATED:  January 29, 2026

_____
HON. JOSEPHINE L. STATON

United States District Judge